UNITED STATES DSTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE,<br>    Petitioner,<br><br>v.<br><br>KAREN ENRIGHT and<br>PROVIDENCE SUPERIOR COURT,<br>    Respondents. | 24-mc-7-JJM-PAS |

## ORDER

Carlton Vose has petitioned, pursuant to Fed. R. Civ. P. 27, for an order permitting him to depose a prospective witness in advance of a civil action he intends to file in the future. ECF No. 1. He also seeks *in forma pauperis* ("I.F.P.") status to permit him to prosecute this Petition without prepayment of fees. ECF No. 2. Rule 27 requires a showing of why the petitioner cannot file the civil action now and depose the prospective witness in the ordinary course of discovery. Mr. Vose asserts that he cannot because he is incarcerated and therefore cannot secure counsel. The Court finds that reason insufficient. Mr. Vose, at one time a licensed attorney in Massachusetts, has demonstrated his ability to prosecute a civil action *pro se, see, e.g., Vose v. Suttell, et al.,* No. 1:23-cv-0039-MSM-PAS, *Vose v. Kilmartin, et al.,* No. 1:19-cv-00409-MSM-PAS, *Vose v. City of Pawtucket, et al.,* No. 1:18-cv-00620-JJM-PAS, and *Vose v. Adult Correctional Inst. et al.,* No. 1:24-cv-00116-WES-PAS. In addition, the rules where he is incarcerated permit him to call any attorney registered with the Rhode Island Supreme Court. Dept. of Corrections Policy 240-

RICR-30/00/2, Title 240, Chapter 30, Para. 2.3(D)(2)(b)(1) (inmates may call up to five attorneys).

Rule 27 also requires that the petitioner show a need to depose the prospective witness immediately rather than after the civil action is filed. Sufficient reasons are, commonly, "[i]ssues of geography, advanced age, seriously impaired health, and rapid turnover of staff." *In re Yamaha Motor Corp., U.S.A.,* 251 F.R.D. 97, 100 (N.D.N.Y. 2008). An "objective showing" is required "that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *Id.* Mr. Vose proffers only that the memory of the prospective witness might dim over time. In seeking a protective order requiring the Rhode Island Superior Court to preserve its computer records, he posits that hard drives might accidentally be wiped, or purposefully sabotaged. These reasons are wholly speculative and are not an objective showing of need. *Cf., In re United States,* 348 F.2d 624, 626 (1st Cir. 1965) ("plainly wrong" to grant a deposition in a criminal case simply on the assertion that witnesses "might not be able to appear.").

Rule 27 is not a discovery device. *Yamaha Motors,* 251 F.R.D. at 99. Petitioners are required to make a factual showing of *what* testimony they are trying to preserve. Mr. Vose advises that he wants to depose the witness to determine *whether* she remembers issuing a court order requiring his presence and the circumstances of her creation of that order. Petition, ECF No. 1, at 2 ("the Petitioner intends to ask Respondent Enright if she remembers being asked to create certain documents and who specifically made that request," as well as the circumstances

surrounding the mailing of the notice). He hopes that her testimony might provide him a defense. That is precisely the discovery fishing expedition that Rule 27 does <u>not</u> enable. *Application of Sitter,* 167 F.R.D. 80, 82 (D. Minn. 1996) (Minnesota's Rule 27 did not authorize an order for the petitioner to depose all the people who provided care to her husband to "explore the potential that a medical provider had committed actionable malpractice.")

Finally, and not insignificantly, even if Mr. Vose had satisfied the requirements of Rule 27, this Court would hesitate to insert itself into a prosecution that is proceeding in the state courts. Certainly, the requests made here–which he could easily make to the Superior Court at the upcoming hearing set for August 15, 2024–raise substantial issues of *Younger v. Harris,* 401 U.S. 37 (1971) abstention.

For all these reasons, and pursuant to the authority of 28 U.S.C. 1915(e)(2)(B)(ii), the Court DENIES and DISMISSES the Petition and denies the I.F.P. Application as moot.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

August 1, 2024